IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:24-cv-416-BO-KS

| | | |
|---|---|---|
| HEATHER FEDERICO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CONSENT** |
| | ) | **PROTECTIVE ORDER** |
| INSPIRE MEDICAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AGREED PROTECTIVE ORDER

This matter comes before the Court on the parties' Joint Motion for Entry of Agreed Protective Order. Discovery is under way, and the parties are seeking, and may in the future seek, documents that may be considered confidential by the party requested to produce such documents. The Court is informed that the parties to this action desire to protect their confidential documents from unauthorized, unnecessary disclosure.

**THEREFORE**, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, **IT IS ORDERED** that the following principles and procedures designed to assure the protection of proprietary and/or confidential documents shall govern any and all discovery in this action:

1. All documentary information produced or exchanged in the course of discovery in this litigation that a party determines in good faith contains confidential financial, business, employment, or similar confidential information pertaining to a party to this litigation, and that is so designated by

stamping "Confidential" on each such document, or on the cover page of a set of documents, by the producing party, shall be deemed "Confidential Information."

2. Any party may dispute the designation of a document designated as "Confidential" under this Order. If any party believes that a document which has been designated as "Confidential" should not be so designated, such party, after first attempting to resolve the dispute informally among counsel, may submit such dispute to the Court for a determination of the degree of disclosure allowed or whether it is in fact Confidential Information. The parties shall, until further order of the Court, treat the document designated as "Confidential" in accordance with the designation and the provisions of this Order, notwithstanding the existence of the dispute.

3. By entering into this Protective Order, no party agrees to a presumption of confidentiality in favor of the designated document or testimony. If a party challenges the "Confidential" designation of any document or testimony, the party making the designation shall bear the burden of proving that the challenged document or testimony is in fact Confidential Information and that the designation is narrowly tailored to ensure that only Confidential Information is so designated. The foregoing applies to all material designated as "Confidential."

4. Confidential Information shall be used solely for the purpose of this litigation and shall not (except by further order of this Court) be given, shown, made available, discussed, or otherwise communicated to anyone other than: (a) attorneys of record and employees of attorneys of record who have a direct functional responsibility for the proceedings in this action; (b) employees of a party; (c) experts, consultants, and/or other persons retained to assist in the preparation of this litigation; (d) the Court and its staff, and the jury; (e) parties to this litigation; (f) court reporters, stenographers, and videographers called upon to record or transcribe deposition testimony or other testimony in this case; (g) any mediator who is engaged to assist the parties in settlement negotiations

on a confidential basis; and (h) witnesses, to the extent necessary for the preparation of their testimony or during their depositions, or any hearing, or any trial.

Any person to whom Confidential Information is disclosed pursuant to subparagraphs (b), (c), and (h), above, shall be informed of the terms of this Protective Order before Confidential Information is disclosed to that person or entity and the disclosing party shall inform the recipient of their obligation to keep the Confidential Information confidential pursuant to the terms of this Protective Order.

5. Within thirty (30) days of receipt of the transcript of a deposition, any party may designate portions of the deposition transcript and exhibits as Confidential by sending written notice to all other parties. The written notice shall specify the page and line numbers of the deposition transcript and/or the exhibit numbers that will be designated as Confidential. Upon receipt of such written notice, all parties shall treat the materials as Confidential Information and subject to the provisions of this Protective Order.

6. The party filing any "documentary information" designated as Confidential with the Court in connection with a pleading, motion, response, or reply, or during a hearing, trial, post-trial, and/or appeal, shall move to have the Confidential Information filed under seal in accordance with the procedure mandated by this Court's Local Rule 79.2 and Case Management Order (ECF No. 17) and the requirements of *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 180 181 (4th Cir. 1988). Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;

(c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. The designating party will then have 14 days in which to file a response to the Motion to Seal setting out compelling reasons why the document or portions thereof should remain sealed. If any party opposes the seal, it may file a reply within 7 days after the motion or response advocating seal is filed. Alternatively, the party who designated the document as Confidential may file a notice with the Court that the document may be unsealed. If no party argues in favor of a seal within this timeframe, the Court shall unseal the documents. All motions to seal and accompanying memoranda shall be limited to 10 pages absent leave of Court. However, in hearings or during trial, post-trial, and/or any appeal, either party may introduce or refer to anything contained in the "documentary information" designated as Confidential, and/or anything derived or compiled therefrom, and/or may freely quote from same without regard to this Protective Order if the party in good faith believes it is necessary.

7. The failure to insist upon full compliance with any of the terms of this Agreed Protective Order in any instance shall not be deemed to be a waiver of the subsequent right to insist upon full compliance with those terms.

8. Within 60 days following final disposition of this action, counsel for the parties shall, upon request, either (a) assemble and return to each other all documents designated Confidential, including all copies of same; (b) shall certify the destruction thereof; or (c) shall certify that the documents designated as Confidential will be securely and confidentially retained by counsel pursuant to counsel's document retention system and then later destroyed pursuant to that system. Counsel for the parties shall be permitted to retain for their respective files (i) copies of all papers and documents filed with the Court, including trial exhibits; (ii) deposition transcripts and exhibits thereto;

and (iii) their work product, such as pleadings, correspondence, and memoranda, which contain or refer to confidential discovery matter, provided that all such confidential discovery matter and work product shall remain subject to this Order.

9. Nothing in this Order shall be deemed to waive any legally cognizable privilege to withhold any document or information.

10. The parties agree that in the event the opposing party discloses documents or electronic data inadvertently, whether they are confidential or not, the receiving party, upon notice from the disclosing party or, if the receiving party on its own recognizes that the documents are privileged and inadvertently produced, will return the documents or data to the disclosing party, who will retain the documents or data in the form produced for at least 60 days after the return of the documents or data in order to allow the receiving party to challenge the disclosing party's claim that the documents or data are not required to be produced.

**IT IS SO ORDERED.**

4/11/2025
DATE

*[signature]*
UNITED STATES DISTRICT COURT JUDGE

**Submitted for Approval By:**

Date: April 4, 2025.

                    **ELLIOT MORGAN PARSONAGE, PLLC**

                    */s/Daniel C. Lyon*
                    Daniel C. Lyon
                    300 E. Kingston Avenue, Suite 200
                    Charlotte, North Carolina 28203
                    Phone: (704) 707-3705
                    Email: dlyon@emplawfirm.com

                    *Attorney for Plaintiff*

                    **FOX ROTHSCHILD, LLP**

                    */s/Matthew S. Leerberg*

Matthew Nis Leerberg
N.C. State Bar No.
434 Fayetteville St. #2800
Raleigh, NC 27601
Email: mleerberg@foxrothschild.com

**STINSON, LLP**

/s/Carrie M. Francis
Carrie M. Francis
A.Z. State Bar No. 020453
Appearing Pursuant to Local Rule 83.1(e)
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Email: carrie.francis@stinson.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

      I certify that I served a copy of the foregoing AGREED PROTECTIVE ORDER by filing it with the Clerk of Court using the CM/ECF system for the Eastern District of North Carolina, which will send electronic notice of the filing to all counsel of record.

      This 4th day of April, 2025.

                                      Respectfully submitted,

                                      /s/ Daniel C. Lyon
                                      Daniel C. Lyon
                                      *Counsel for Plaintiff*